Good morning. May it please the Court, I'm Michael Fischetta from the Federal Public Defender's Office, appearing for Billy Ray Riley in this matter. This is an important habeas case. This is a case that resulted in a sentence of life without the possibility of parole ever. There's also a related capital case in which this case was used. The constitutional issue presented here is that the deadly weapon element of the battery with the use of a deadly weapon is unconstitutionally vague in violation of the Due Process Clause. Rarely do we get a state court admitting something like that. And in Zgombik v. State, the Nevada Supreme Court said that its cases applying the term deadly weapon left that, quote, indeed uncertain. And really, at the time of the Zgombik decision, the decision in Clem v. State had basically resulted in a deadly weapon. I guess I have a hard time following that, since the court in Zgombik explicitly stated that applicability of the functional test continued as to cases where it was an element, as contrasted with the situation there, of being a statutory sentencing enhancement. I don't understand how you can make that argument. It's a constitutional argument based on vagueness, which the Nevada Supreme Court has never excogitated a rational basis. You can't make the constitutional vagueness argument straight up. What you have to do is show that it's caused your ineffective assistance of counsel for not having raised it in order to overcome a procedural default, right? We haven't gotten to the procedural default yet. The argument that the State is making is that it's procedurally defaulted as a result of this being raised in a second State habeas provision. I understand. And basically your position is, but there is cause and prejudice for it because counsel never raised it, right? It's an ineffective assistance claim for failure to raise the constitutional vagueness issue. Right. So the question isn't whether straight up it's vague. The question is whether counsel was ineffective for not having spotted an issue that the Nevada Supreme Court flatly rejected. It rejected it in the context of the enhancement provision on State law grounds. Yeah, but what it said was that the functional test continues to be applicable when the deadly weapon is an element. As a matter of State statutory construction. Our claim is different. Our claim is that it is unconstitutionally vague. And in the terms of both of these statutes, it's our position that a deadly weapon is a deadly weapon. And there is no rational distinction that the Nevada Supreme Court could make between a deadly weapon, which is pretty much anything anybody says it is in the enhancement statute, and the identical language in the element as the element of use of a deadly weapon in the battery statute. Maybe I've got something wrong, which is why I want to be a little persistent in my question. I understand that your argument is that appellate counsel was ineffective for having failed to raise the issue that you're now arguing. Yes, Your Honor. All right. If that's so, then you have to ask the question of prejudice. Yes, Your Honor. Prejudice, it seems to me, is affected by the fact that the Nevada court, in the very case upon which you're relying, distinguished between use of deadly weapon as a sentencing enhancement, on the one hand, and use of deadly weapon as an element of the offense. So how can there be prejudice? That's the heart of my question. Because the constitutional issue was not resolved by the Nevada Supreme Court, and more important, even if it makes that distinction between the enhancement provision and the battery with use provision, it's our position that had this issue been raised as a constitutional due process issue on appeal by appellate counsel, under the test of Strickland, there is a reasonable probability that it would have prevailed. Remember, as Gombeck ends up going off on statutory construction grounds, the distinction that the Nevada Supreme Court makes between the enhancement provision and the element provision is a distinction without a difference. It's a totally incoherent and groundless distinction. Because in Nevada case law at the time, in Nevada statute law, there's no difference. A deadly weapon is a deadly weapon. And if the Nevada Supreme Court says a deadly weapon over here is indeed uncertain, it can't really say, I believe, constitutionally, that exactly the same term over here is just fine. That's our argument on the constitutional vagueness issue, that if this had been properly presented as a constitutional issue, the distinction that the Nevada Supreme Court attempts to make in Gombeck, which I submit is irrational, could not have been adhered to. And under Strickland, we have to look at what a reasonable court would have done, what the reasonable probability would have been had this issue been raised as a constitutional issue, and not whether a court would have just, without finding a rational constitutional distinction, would have just adhered to that nondistinction that had erected in Gombeck. The procedural default issue is a little bit different. The procedural default issue that has been raised is that this issue was raised in a successive petition in state court. That wasn't raised until the state's answer, which we never had an opportunity to respond to. And under Bennett v. Mueller, which was decided after the decision in this case, the state, once the adequacy of the default rule is placed in issue, has the burden of showing that it is adequate. I believe that we would be able to sustain an argument on that in front of Judge Reed if the court remands on this issue. On the second state post-conviction, the state district court resolved that petition in a hearing, in a so-called hearing, in which neither the defendant nor counsel was present, and the district attorney was present and presented an argument. But the underlying substantive issue, I just want to try and make sure that we are clear on this. Gombeck is a statutory construction case. We are making a constitutional argument. The use that we are making of Gombeck is when the Nevada Supreme Court admits that their application of the term deadly weapon is indeed uncertain, it's our position that it cannot say deadly weapon in the enhancement provision is indeed uncertain, but it's just fine in the Battery with Use statute. And that's where we submit that the constitutional issue should have been raised by, would have been the district counsel. To the extent that the argument that's presented here and in front of the district court is that the petitioner was citing the wrong statute, that's something that could easily have been cured by amendment, and the court was obligated to allow us to do that. I want to say one brief word about the uncertified issue. In the petition, in the exhibits, some declarations, statements were found by relatives of Mr. Riley and presented to show ineffective assistance by failure to investigate the case prior to trial. The state courts and the district court in this case, in addition to finding that they wouldn't have helped, although that's something that was made without a hearing in any court, also criticized these statements on the grounds that they weren't notarized. And I think that at some point we have to draw a line and say that this is a little grotesque, that you tell an individual who is serving a life imprisonment term, okay, you don't get, even though this is a life without case, you don't get counsel, you don't get any help. But when you do find some evidence, when you get somebody to bring in some statements, we are not going to consider them because they're not pretty, because they're not notarized, because they're undated. I submit that having brought that in, Mr. Riley was entitled to a hearing. He didn't get it in state court, and he should have gotten it in the district court here. And if I can save my half a minute. Surely. Thank you. To please the court, my name is David Neidert. I'm a Deputy Attorney General for the state of Nevada. I think, Judge Reimer, you got it right. Mr. Pachetta wishes to put the cart before the horse in this case. And that Mr. Pachetta wishes to argue the due process that Nevada's statutory scheme with respect to deadly weapons on vagueness grounds. But that's not the issue that was certified. That's certainly not the issue that's before the court. The issue is, did, was appellate counsel at the state, in the state Supreme Court ineffective for not raising the constitutionality of deadly weapon as an element when Mr. Riley was convicted of battery with a deadly weapon. But the problem is twofold. And Mr. Pachetta skipped over the first problem of Strickland, and that is, was counsel acting in an objectively unreasonable manner in not raising that issue. And clearly, the, looking at the record of the issue raised, counsel was objectively reasonable in not raising this issue at all. And that's because the one issue he raised on appeal was whether there was sufficient evidence to convict Mr. Riley of battery with a deadly weapon. He conceded in his appellate brief that Mr. Riley was guilty of battery. But he said there was no evidence to show that he used a deadly weapon. Now, that was the thrust of the appellate brief. When Mr. Pachetta said, well, he should have, he could have argued that and then gone on to say, but if he used a fence post, it wasn't a deadly weapon. And part of the hallmark of effective appellate advocacy is not to raise logically inconsistent arguments. Now, you can raise arguments in the alternative. That certainly happens all the time. But to raise one that is factually, two arguments that are factually inconsistent with each other weakens your stronger argument. Because the stronger argument, looking at the record, clearly was that the witness, that the witness for whatever reason should not have been believed. So we believe that this claim, which Mr. Pachetta did not believe, has been reaching the second prong. And the second prong is, as the Supreme Court articulated in 2000 in Smith v. Robbins, is that there's a reasonable probability he would have prevailed on appeal. And the reality on that is the answer is clearly no. This Gombe case clearly made the distinction. That's the Nevada Supreme Court saying, basically saying this is how we rule on this issue, that we find a distinction between when a deadly weapon is used as a sentencing enhancement under Nevada law and when it is a substantive element of the offense. And in fact, in the 14 years since Gombeck, and even in a slightly lesser time, obviously, because the legislature overruled Gombeck, the Nevada Supreme Court never, ever made the holding that Mr. Pachetta suggests it would have made had this issue been raised, and that is that somehow Nevada's, that a deadly weapon as an element of offense is unconstitutionally vague. What Mr. Pachetta wants to do is focus the prism of the argument as how does this court look at Nevada law? How does this court look at a deadly weapon as an element, and does this court find it unconstitutionally vague? And that, of course, is not what this court is allowed to do. The Supreme Court has said that issues of state law are best left to the state court, most recently in the Hicks v. Fiat case. But Mr. Pachetta wants to ignore all that and have this court interpret Nevada law for the Nevada Supreme Court and declare Nevada statute unconstitutional. That's not what this court is allowed to do, but rather has to look at this case under the Smith v. Robbins formulary. Did counsel act in an objectively unreasonable manner in not raising this claim? And if he did so, part two, was the defendant prejudiced? That's basically the thrust of my argument. I don't know how much more I can add to it. I will comment briefly on the uncertified issues, even though I did not brief him. First of all, your opponent only mentioned one. Right. He mentioned the one with the witnesses, and that's the only one I'm going to address. The uncertified issue with respect to the witnesses had to do with all these affidavits that showed up. And in fact, Judge Reed, in his ruling, found these affidavits to not be credible. The judge made a credibility determination based on the fact that three of the affidavits were virtually identical. I mean, word for word, virtually identical. In our answer, which is part of the record, we pointed out that these affidavits did not comport either with the testimony of the victim in this case, or more importantly, with Mr. Riley's trial testimony. They were off in their own little world after a version of events that had no support whatsoever in the trial record. And so I think that Judge Reed could logically look at that, that look at these affidavits, whether they're notarized or not, and see that they were not only inconsistent with the prosecution case, they were inconsistent with the defense case, and find them to lack credibility. So basically, this is a case of ineffective counsel. And we believe that because it's ineffective counsel, because Mr. Riley cannot reach either prong under Smith v. Robbins, that this Court must affirm the district court. Okay. Thank you, Mr. Nider. Mr. Breschetta. I will attempt to talk quickly. Mr. Nider is arguing that it would have been reasonable for appellate counsel not to raise this issue because it was – it would have been inconsistent with the issue that was raised. There's no evidence of that. There's never been a hearing. What counsel might have done as a reasonable choice isn't before this Court because counsel was never asked because there was never a hearing. The question here is, had this constitutional issue been raised by appellate counsel, would the Nevada Supreme Court have been bound to make a decision between deadly weapon over here and deadly weapon over here? And there just isn't. And once the Nevada Supreme Court said, over here, it's indeed uncertain, we have essentially a ripened due process claim over here. Thank you. Thank you. Counsel, both the – the matter just argued will be submitted. And we'll turn next to Kristler. Good morning. I may leave the Court. My name is Doug Passon, and I, along with my co-counsel Michael Gordon, represent the appellant Ralph Nelson Whistler. I'd like to argue the issues in the brief.
judges: Rymer, Hawkins, Brewster